# UNITED STATES DISTRICT COURT
for the
Southern District of California

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. '22 MJ3233
Black Huawei Cellular Phone )
Seizure No. 2022250400144401-0004 )
("Target Device") )

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the    Southern    District of    California   , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC Sec. 952 and 960 | Importation of a Controlled Substance |
| 21 USC Sec. 963 | Conspiracy to Import |

The application is based on these facts:
See Attached Affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Devin Kaun*
Applicant's signature

Devin Kaun, HSI Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
   telephone    *(specify reliable electronic means)*.

Date: September 2, 2022

Judge's signature

City and state: San Diego, California    Hon. Andrew G. Schopler, United States Magistrate Judge
Printed name and title

# ATTACHMENT A

## *Property to be Searched*

The following property is to be searched:

  Black Huawei Cellular Phone

  Seizure No. 2022250400144401-0004

  ("Target Device")

which is currently in the possession of Homeland Security Investigations, located at 2055 Sanyo Ave, San Diego, CA 92154.

# ATTACHMENT B

### *Items To Be Seized*

Authorization to search the cellular telephone described in Attachment A-1 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below.  The seizure and search of the cellular telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of December 30, 2021 up to and including June 26, 2022:

a. tending to indicate efforts to import controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

b. tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

d. tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, and/or conspiracy to commit said offense, including but not limited to stash houses, load houses, pickup points, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Device; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

which are evidence of violations of Title 21, United States Code, Section 952, 960, and 963.

# AFFIDAVIT

I, Special Agent Devin Kaun, being duly sworn, hereby state as follows:

## INTRODUCTION

1. I submit this affidavit in support of an application for a warrant to search the following electronic device(s), (collectively, the "Target Device"):

    Black Huawei Cellular Phone

    Seizure No. 2022250400144401-0004

    ("Target Device")

as further described in Attachment A, and to seize evidence of crimes, specifically violations of Title 21, United States Code, Sections 952, 960, and 963 as further described in Attachment B. The requested warrant relates to the investigation and prosecution of Blendida SERRANO-Jara ("SERRANO") for importing approximately 5.98 kilograms (13.18 pounds) of heroin from Mexico into the United States. The Target Device is currently in the custody of Homeland Security Investigations and located at 2055 Sanyo Avenue, Suite 120, San Diego, California 92154.

2. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the Target Device, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

## BACKGROUND

3. I have been employed as a Special Agent with Homeland Security Investigations (HSI) since August, 2020. I am currently assigned to the HSI Office of the Deputy Special Agent in Charge, in San Ysidro, California. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

4. During my tenure with HSI, I have participated in the investigation of various narcotics trafficking organizations involved in the importation and distribution of controlled substances into and through the Southern District of California. Through my

training, experience, and conversations with other law enforcement officers experienced in narcotics trafficking investigations, I have gained a working knowledge of the operational habits of narcotics traffickers, in particular those who attempt to import narcotics into the United States from Mexico at Ports of Entry.

5. I am aware that it is common practice for narcotics traffickers to work in concert utilizing cellular telephones. A common tactic utilized by narcotics traffickers is to smuggle controlled substances into the United States from Mexico by concealing the controlled substances in vehicles or on persons entering the United States at Ports of Entry such as the San Ysidro Port of Entry and the Otay Mesa Port of Entry. With respect to the importation of narcotics in this manner, I a.m. aware that narcotics traffickers in Mexico frequently communicate with the individual responsible for importing the concealed narcotics into the United States. These communications can occur before, during and after the narcotics are imported into the United States. For example, prior to the importation, narcotics traffickers frequently communicate with the transporter(s) regarding arrangements and preparation for the narcotics importation. When the importation is underway, narcotics traffickers frequently communicate with the transporter(s) to remotely monitor the progress of the narcotics, provide instructions and warn accomplices about law enforcement activity. When the narcotics have been imported into the United States, narcotics traffickers may communicate with the transporter(s) to provide further instructions regarding the delivery of the narcotics to a destination within the United States.

6. Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I a.m. aware that cellular telephones (including their SIM card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular

telephone. Specifically, searches of cellular telephones of individuals involved in the importation of narcotics may yield evidence:

    a.    tending to indicate efforts to import controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

    b.    tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

    c.    tending to identify co-conspirators, criminal associates, or others involved in importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

    d.    tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, and/or conspiracy to commit said offense, including but not limited to stash houses, load houses, pickup points, or delivery points;

    e.    tending to identify the user of, or persons with control over or access to, the Target Device; and/or

    f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the importation of controlled substances from Mexico into the United States and/or conspiracy to commit said offense;

which are evidence of violations of Title 21, United States Code, Section 952, 960, and 963.

## FACTS SUPPORTING PROBABLE CAUSE

7.    On June 26, 2022, at approximately 6:25 a.m., SERRANO, a border crosser, applied for entry into the United States from Mexico through the San Ysidro Port of Entry in vehicle lane number 26. SERRANO was the driver, sole occupant, and registered owner of a 2006 Nissan Altima ("the Altima") bearing Mexican license plates.

8.    A Customs and Border Protection Officer ("CBPO") received two negative Customs declarations from SERRANO. SERRANO stated she was crossing the border to

go to Ross and Walmart stores in San Diego, California. The Altima was referred to secondary by an Anti-Terrorism Contraband Enforcement CBPO working pre-primary.

9. A CBPO operating the Z-Portal X-Ray machine detected anomalies in the doors of the Altima.

10. A Canine Enforcement Team was conducting secondary inspection operations when the Human and Narcotic Detection Dog alerted to the driver side rear door of the Altima.

11. Further inspection of the Altima resulted in the discovery of five packages concealed in the doors of the Altima, with two packages concealed in the front driver's side door and one package concealed in each of the remaining doors. The total approximate weight of the packages was 5.98 kilograms (13.18 pounds). A sample of the substance contained within the packages field tested positive for the characteristics of heroin.

12. SERRANO was placed under arrest and charged with a violation of Title 21, United States Code, 952 and 960, importation of a controlled substance.

13. During the interview, SERRANO was shown the Target Device and identified the Target Device as belonging to her.

14. Upon application of the United States, Magistrate Judge Allison H. Goddard authorized a search warrant to search the Target Device on June 27, 2022 for the date range of May 26, 2022 to June 26, 2022. *See* 22-mj-02299-AHG. Forensic extraction and search of the data contained on the Target Device was obtained. Among other items, the Target Device contained pictures, contacts, and call logs, but no message communications. A manual review of the phone was conducted, resulted in the discovery of numerous message communications. Many of the calls and communications overlap with her history of crossing the Altima into the United States.

15. Specifically, TECS records reflect that SERRANO began crossing the Altima on or about January 30, 2022. Between January 30, 2022 and June 26, 2022, SERRANO crossed the Altima inbound to the United States and outbound to Mexico a total of

approximately 30 times.

16. Between May 26, 2022 to June 26, 2022 (the date range for the initial search warrant authorized by Judge Goddard), the defendant crossed the Altima inbound into the United States and outbound to Mexico nine times, including the date of her arrest. Each time before and sometimes after she crossed, she had brief (generally less than two minute) calls with two contacts: "Señor de Linea" (roughly translates to Sir of the Line) and "Pancho Nuevo" (roughly translates to New Pancho). Based on my training and experience, couriers like SERRANO often engage in brief calls with their coordinators before and after crossing to advise their coordinators of their location and successful crossing.

17. Additionally, SERRANO communicated with another contact saved as "Jimmy de linea" (roughly translates to Jimmy of the line). HSI agents called the number listed for "Jimmy de linea," and the person who answered indicated his name is Jimmy and he has been in a relationship with SERRANO for three years. The phone evidence reflects that on June 26, 2022 at approximately 6:20 a.m. (approximately five minutes before she was encountered at the port on the day of her arrest), Jimmy messaged Serrano, "Hola amor[,]" "Te amo[,]" "Dios te bendiga y te proteja" (roughly translates to hello love, I love you, God bless you and protect you." In my training and experience, others often message couriers words of encouragement such as these before the couriers cross their loaded vehicles into the United States. Following her arrest on June 26, 2022, SERRANO missed multiple calls from Jimmy, Señor de Linea, and Pancho Nuevo.

18. Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the Target Device. In light of the above facts and my experience and training, there is probable cause to believe that SERRANO was using the Target Device to communicate with others to further the importation of illicit narcotics

into the United States. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics, as reflected by the multiple missed calls to SERRANO from Jimmy, Señor de Linea, and Pancho Nuevo after her arrest.

19.  Based on my training and experience, it is also not unusual for individuals, such as SERRANO, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. I believe this to be the case with SERRANO; that she has been involved in narcotic trafficking activity for several months leading up to her arrest on June 26, 2022. The registration card obtained from the Altima reflects that the Altima was registered to SERRANO on January 25, 2022. As mentioned above, based on TECS crossing records, it appears that SERRANO crossed the Altima from Mexico into the United States numerous times between January 30, 2022 (the first crossing of the Altima into the United States after it was registered to SERRANO) and June 26, 2022 (the date of her arrest). Accordingly, I request permission to search the Target Device for data beginning on December 30, 2021 (one month before SERRANO's first crossing of the Altima into the United States), up to and including June 26, 2022.

## METHODOLOGY

20.  It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data

contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

21. Following the issuance of this warrant, I will collect the Target Device and subject them to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

22. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

23. As specified above, on June 27, 2022, United States Magistrate Judge Allison H. Goddard authorized the search of the Target Device for the period of May 26, 2022 to June 26, 2022. *See* 22-mj-02299-AHG. The extraction and search of the Target Device pursuant to the search warrant did not provide a complete download of the Target Device during the time period requested by this warrant. In this

application, I am requesting the authorization to search the Target Device from December 30, 2021, through June 26, 2022.

## CONCLUSION

24. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the Target Device will yield evidence of SERRANO's violations of Title 21, United States Code, Sections 952, 960 and 963. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the items described in Attachment A, and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

*Devin Kaun*
_____
Special Agent Devin Kaun
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 2nd day of September, 2022.

_____
Honorable Andrew G. Schopler
United States Magistrate Judge